UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL LAMAR SHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W.J. SULLIVAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00788-JLT (PC)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docs. 17, 18) |

　　　　Plaintiff requests a 30-day extension of time to comply with the Court's second screening order (Doc. 15). (Doc. 18.) Plaintiff states that the prison in which he is incarcerated is on a "modified program" due to the COVID-19 pandemic, which has limited his access to the law library. (*Id.*) The Court finds good cause to grant Plaintiff's request.

　　　　Plaintiff also requests the appointment of counsel. (Doc. 17.) Plaintiff does not have a constitutional right to appointed counsel in this civil action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

　　　　Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining

whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [petitioner] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the requisite exceptional circumstances at this time. Even if it is assumed that Plaintiff has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. Plaintiff appears able to articulate his claims and, at this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. Thus, the Court ORDERS:

1. Plaintiff's request for an extension of time (Doc. 18) is GRANTED. Plaintiff shall have **30 days** from the date of service of this order to comply with the Court's second screening order (Doc. 15).
2. Plaintiff's request for the appointment of counsel (Doc. 17) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **May 28, 2020**              **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE