Case 1:19-cv-00788-NONE-JLT Document 23 Filed 02/01/21 Page 1 of 7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL LAMAR SHELL,<br><br>Plaintiff,<br><br>v.<br><br>W. J. SULLIVAN, et al.,<br><br>Defendants. | Case No. 1:19-cv-00788-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 21)<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Lionel Lamar Shell alleges the defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. (Doc. 21.) The Court finds that Plaintiff's second amended complaint fails to state a claim on which relief can be granted. Given that Plaintiff has received two opportunities to amend (Docs. 10, 15), the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). The Court therefore recommends that this action be dismissed for failure to state a claim.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.  PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

///

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff's claim stems from incidents that occurred while he was incarcerated at California Correctional Institution . (Doc. 21 at 8.) On May 2, 2018, while in the Prison Industry Authority ("PIA") Building for a community college class, Plaintiff alleges he "was injured … by flying glass from a[n] exploding ceiling light," which "cut … [his] right wrist causing a stinging burning pain." (*Id.*) He alleges that the "loud electrical explosion of the light fixture … [also] caused … [him] to suffer emotional and psychological trauma." (*Id.*) According to the nurse who treated his injury, Plaintiff "was injured … when a light fixture fell and he sustained a scratch to his … wrist[,] no complaints of pain[,] minimal bleeding … ambulated back to housing in no apparent distress." (*Id.* at 53.)

Plaintiff alleges, prior to the incident, the PIA building "had serious water damage creating a fire and electrical danger." (*Id.* at 10.) On March 21, 2018, Correctional Sergeant Busby submitted a work order, "which stated 'roof leaking causing arcing in electrical junctions to light fixtures.'" (*Id.* at 17, 56.) In response to the work order, Defendant Read, an electrician, "inspected the light fixtures in the PIA Building and disconnected all light fixtures that were affected by rain water creating electrical power supply issues or out due to bad ballast." (*Id.* at 23.) Plaintiff alleges Read "conducted a shoddy and isolated repair service, overlooking the fluid nature of water, the exposed light fixture for a building in a serial disrepair." (*Id.*) Plaintiff states

that Read "failed to place protective light fixture covers back in place," which "resulted in … Plaintiff being injured." (*Id.* at 23, 26.)

Plaintiff asserts that Defendant Sullivan, the warden of CCI, "routinely visited the PIA Building classroom, observing the conditions … in it." (*Id.* at 13.) He contends that Warden Sullivan knew of the building's disrepair because, after the March 21, 2018 incident, (1) Plaintiff submitted a CDCR 22 Form describing the building's condition, (2) Sergeant Busby submitted the aforementioned work order, and (3) prison staff routinely provide the warden with a daily activity report, which chronicles "unusual or significant events/actions" like "accidents." (*Id.* at 11-13.) Plaintiff alleges that Sullivan "approved a quick fix of just 'disconnecting some light fixtures,' knowing that the leaking roof is the problem." (*Id.* at 13.)

After the March 21, 2018 incident, Plaintiff contends that Defendant Halloway, the supervisor of building trades at CCI, "should have contacted the fire marshal[] who is responsible for the enforcement of building standards," but he "instead … sent J. Read … to do a rush job just to unplug some light fixtures." (*Id.* at 17.) According to Plaintiff, Halloway "routinely visited the PIA building classroom, observing the conditions described in it, but failed to take adequate corrective measures." (*Id.* at 19.)

**IV.  DISCUSSION**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, a prisoner "must show that … officials acted with deliberate indifference to the threat of serious harm or injury." *Labatad*, 714 F.3d at 1160 (citation omitted). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence, … [but] something less than acts or omissions for the very

purpose of causing harm or with the knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official shows "deliberate indifference" to a threat of serious injury to an inmate when he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

The deliberate indifference standard includes both objective and subjective components. As to the first, objective prong, the alleged deprivation must be "sufficiently serious." *Id.* at 834. "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's … safety." *Id.* at 835 (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff's allegations fail to meet the "high legal standard" of deliberate indifference. At most, Plaintiff states a claim of negligence under state law. In response to Sergeant Busby's work order, Defendant Read, an electrician, "inspected the light fixtures … and disconnected" those "that were affected by rain water creating electrical supply issues or out due to bad ballast." (*Id.* at 23.) This fails to show that Read knew that a substantial risk of serious harm existed after he completed his work, or that he failed to take reasonable measures to abate any known risk that may have existed prior to completing his work. Plaintiff alleges that Read's failure to "appl[y] … protective light covers" caused a light to shatter. (*Id.*) However, this allegation, at most, shows that Read's actions fell below the applicable standard of care for electricians. It does not show that Read was *deliberately* indifferent to his safety or inmate safety generally.

5

     Plaintiff also fails to show that Warden Sullivan or Supervisor Halloway were deliberately indifferent to safety. Plaintiff alleges these defendants were aware of the poor condition of the PIA Building because they (1) visited the building regularly and (2) knew of the March 21, 2018 incident regarding sparking lights from Sergeant Busby's work order, Plaintiff's CDCR 22 Form, and the daily activity report. (*Id.* at 11-13, 19.) However, none of these allegations show that these defendants knew of a substantial risk of serious harm on May 2, 2018, *after* Read had inspected the building and disconnected light fixtures affected by rain water on March 21, 2018. The fact that Read, an electrician, was called to inspect the building also belies the contention that Halloway or Sullivan failed to take reasonable measures to abate any *known* risk of harm prior to his inspection.

     The Court draws a distinction between Plaintiff's factual allegations and his conclusory assertions. For example, Plaintiff states that Sullivan "approved a quick fix of just 'disconnecting some light fixtures,' knowing that the leaking roof is the problem," and that Halloway "sent J. Read … to do a rush job just to unplug some light fixtures." (*Id.* at 13, 17.) However, Plaintiff provides no facts that show that either defendant approved of or directed Read's work in any way, let alone that they directed Read to "do a rush job" or to provide a "quick fix." Such allegations are speculative. Based on the facts provided in the complaint and its attachments, Sergeant Busby submitted a work order to the "correctional plant manager," and Defendant Read responded by disconnecting light fixtures affected by water. (*Id.* at 11, 23, 34, 55.) There are no facts indicating Sullivan's or Holloway's involvement. So, in addition to failing to show that Sullivan or Halloway were deliberately indifferent, Plaintiff's allegations fail to show that these defendants' actions or failures to act actually caused the injuries of which he complains. *Cf. Johnson*, 588 F.2d at 743 (citation omitted). The "sheer possibility that [either] defendant … acted unlawfully" is not sufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678 (citation omitted)

     It appears that Plaintiff names Warden Sullivan and Supervisor Holloway as defendants simply because they hold supervisory positions. However, section 1983 does not impose individual liability on a supervisor merely because his subordinate has violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676-77. To impose individual liability, plaintiffs must allege

6

specific misdeeds that each defendant committed, rather than the misdeeds of those he supervised. *See id.*

## V. CONCLUSION

For the reasons set forth above, Plaintiff's second amended complaint (Doc. 21) fails to state a claim on which relief can be granted. Given that Plaintiff has received two opportunities to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court DIRECTS the Clerk of the Court to assign a district judge and RECOMMENDS that this action be DISMISSED for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 30, 2021**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE