UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL LAMAR SHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>W. J. SULLIVAN, et al.,<br><br>        Defendants. | No. 1:19-cv-00788-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM<br><br>(Doc. No. 23) |

Plaintiff Lionel Lamar Shell is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. In his second amended complaint, plaintiff alleges a violation of the Eighth Amendment by prison officials by their deliberate indifference to his safety. (Doc. No. 21 at 3, 4, 11.) Specifically, plaintiff alleges that an unsafe building with a leaking roof was repurposed as a classroom for prisoners and that the building's roof leak caused a light fixture to explode, resulting in a shard of glass injuring plaintiff's wrist. (*Id*. at 8, 11–13.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 1, 2021, the assigned magistrate judge filed findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to state a claim on which relief can be granted. (Doc. No. 23.) The magistrate judge found that the factual allegations in plaintiff's complaint, if proven, would fail to show that the defendants were deliberately

indifferent to his health or safety, noting that deliberate indifference is a "high legal standard." (*Id.* at 5-6.) The findings and recommendations further recognized that deliberate indifference "entails something more than mere negligence," and concluded that plaintiff's allegations state, at most, a negligence claim under state law. (*Id.* at 4–5.) Because plaintiff has received two opportunities to amend his complaint and was unable to cure the deficiencies noted, the magistrate judge recommended dismissal without further leave to amend. (*See* Doc. Nos. 10, 15, 23 at 7.)

The findings and recommendations were served on plaintiff and provided him 21 days to file objections. (*Id.* at 7.) After receiving an extension of time to do so (Doc. No. 25), plaintiff filed objections on April 19, 2021. (Doc. No. 26.) In his objections, plaintiff argues that construing his pro se complaint liberally, he has stated sufficient allegations. (*Id*. at 1–3.) Plaintiff reiterates that each defendant allegedly possessed knowledge of the unsafe conditions, and he underscores the allegedly negligent actions or omissions of each defendant that led to his injury. (*Id*. at 4–5.) Plaintiff also contends that the conditions posed "dire injury risks and unreasonable risk of future harm." (*Id*. at 6.)

But plaintiff's claims are and remain insufficient in relation to the deliberate indifference standard. Prior to plaintiff's injury, a staff electrician, defendant J. Read, was dispatched on March 21, 2018, to address the problems presented by the roof leak and light fixtures, according to plaintiff's complaint. (Doc. No. 21 at 23–27.) Also according to plaintiff, the other named defendants, Warden Sullivan and Supervisor Halloway, were aware of the roof leak/light fixture problem, as well as the fact that defendant Read was dispatched to undertake an inspection and repair. (*Id*. at 11–12, 13, 17.) In light of the fact plaintiff's injury occurred on May 2, 2018, plaintiff does not sufficiently allege that defendants failed to take reasonable measures to abate the known risk or that the defendants knew that a substantial risk of serious harm existed on the date of plaintiff's injury, subsequent to defendant Read being dispatched on a work order to address the problem.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's

objections, the court finds the findings and recommendations to be supported by the record and proper analysis. The court agrees with the magistrate judge's finding that the factual allegations in plaintiff's complaint "fail to meet the 'high legal standard' of deliberate indifference" under the Eighth Amendment. (Doc. No. 23 at 5 (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).) This finding does not preclude plaintiff from pursuing a state-law claim of negligence in state court.

Accordingly,

1. The findings and recommendations issued on February 1, 2021 (Doc. No. 23) are adopted in full;
2. This action is dismissed for failure to state a cognizable federal claim; and,
3. The Clerk of the Court is directed to assign a district judge to this case for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **June 30, 2021**

UNITED STATES DISTRICT JUDGE